Afterwards-the subordinate points of the.case were brought on, upon the commissioner’s report, before chancellor Waties, who made the following decretal orders:
Yariousexceptions have been made on.both sides to the report of the commissioner in this case.
On the part of the complainants, the first exception' is, to the allowance of eight hundred dollars paid by the committee on a judgment of M‘Bowel and Blair against the lunatic.
This exception is over-ruled. The payment appears to have been made on a judgment regularly obtained before those of the complainants, and the balance due thereon was afterwards directed by an order of the court of common pleas for Newberry district, to be paid out of the proceeds of the sales made under the judgment •of the complainants.
A second exception is, that the commissioner ha» not charged the committee with interest on the sums of money collected by them on behalf of the lunatic.
This exception is over-ruled. The committee have held these sums as stake holders, until the clashing claims of the lunatic’s creditors were determined, and as such, ara not chargeable with interest*
*398 A third exception is, that extravagant bills have been allowed for medical attendance on the lunatic.
There appears to be no grounds for this exception. It is ascertained that the medical assistance offered the lunatic has been greatly beneficial to him; and the expenses incurred on this account are not unreasonable :■ — They may indeed be said to be for the interest of the creditors, for if the lunatic be restored to his reason, (which seems to be confidently expected,) they may receive from his future exertions the Mi payment of their demands. This, exception is therefore over-ruled.
A fourth exception is, to the allowance of costs for witnesses’ attendance in the court of common pleas.
This expence was a necessary one. The debts due to the lunatic could not be recovered without it, and it was for the interest of the creditors that witnesses should be summoned to prove these debts. The committee were, with respect to the estate of the -lunatic, (it being an insolvent one,) the trustees and agents of the creditors, and it was their duty, as such, to summon witnesses and employ all other necessary means for the recovery of the debts. This exception is therefore over-, ruled.
The exceptions on the part of the defendants, are,
First, — That the commissioner has not allowed a Credit for the amount of the atlornics’ costs due on suits brought on behalf of the lunatic, which could not be recovered from the parties, who were sued.
This exception is sustained. The committee were bound to bring suite for the recovery of debts due to the lunatic, in all cases in which they believed a recovery could be had, and they have sworn that they brought suite in no other cases. This was for the benefit of the complainants, and the other creditors, and if nothing could be recovered, the costs must be paid out of the funds of the lunatic.
A second exception is, that a credit has not been allowed to the committee for the sum of one hundred dollars, paid to S. Farrow, Esrp as a counsel fee on behalf fho lunatic.
*399 I Nought at first that tins was an extravagant fee to hv< given by an insolvent estate, but as it appears that Mr. I’'arrow’s professional services were afforded in several cases in defending the interests of the lunaiie, this charge, must, be allowed, and the exception to the report in this respect is sustained.
A third exception on the. part of the committee, is, that the commissioner has not allowed a charge made by them for tiu-it extraordinary trouble, in managing the business of the lunatic.
This exception is over-ruled. The proof of extra services, and the necessity for them, have not been sufficiently shewn.
There were other exceptions taken on both sides, but they have since been abandoned.
The report is, therefore, confirmed in all other respects,
Thomas Waties, .